TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00638-CV






Boyd Emmons and Jerry Scarbrough, Appellants



v.



Gary Purser, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 164,391-C, HONORABLE OLIVER KELLEY, JUDGE PRESIDING 







 Appellants Boyd Emmons and his attorney, Jerry Scarbrough, challenge an order
of the district court sanctioning them pursuant to Rule 13 of the Texas Rules of Civil Procedure. 
On appeal, Emmons and Scarbrough challenge the sufficiency of the evidence and the court's
findings supporting the order. We will reverse the sanctions order of the trial court.


BACKGROUND


 Because the procedural history of this case is important in deciding the issues raised
on appeal, we will examine it in some detail.

 The disagreement between the parties originally arises out of a dispute over the sale
of land in Bell County. On April 29, 1997, Emmons filed his original petition against three
defendants--the original landowner, Alleeta Curb Kenan, the purchaser, Dr. Stephen Vancura, and
the appellee Gary Purser. The petition alleges that prior to Kenan's sale to Vancura, Emmons and
Kenan had entered into an oral contract for the sale of land which formed a part of the property
sold to Vancura. Pursuant to this alleged oral agreement, Emmons was to purchase 37.749 acres
of land in Bell County at a price of $4,500 per acre. In addition, Emmons agreed to complete all
of the necessary paperwork, hire a surveyor, and do the required engineering work to subdivide
and develop the property. The petition further alleges that immediately before Emmons's
presentation of the final plat to the Killeen City Council, Kenan sold the property to Vancura who
was acting in concert with appellee Purser. Based on this sale to Vancura, Emmons alleges that
Purser and Vancura acted intentionally to interfere with Emmons's agreement with Kenan to buy
the land in question. As a result of such conduct, Emmons sued the three defendants and prayed
for specific performance of the alleged sales contract, damages, and an injunction.

 Each defendant filed a separate answer to Emmons's petition. Purser filed first on
May 23, 1997. Purser answered with a general denial and requested by verified pleading that the
petition for injunction be denied. In addition to filing an answer, Purser's lawyer, Reesa
Hendrick, wrote Scarbrough a lengthy letter personally informing him that Purser was "not a
proper party to th[e] lawsuit," that he had "nothing to do with th[e] transaction" alleged, and
should therefore "immediately" be dismissed. The letter further threatened that if a summary
judgment proceeding was needed to resolve the dispute, Purser would seek "sanctions under Rules
13 and 215 of the Texas Rules of Civil Procedure and attorney's fees. . . .for filing [a] frivolous
lawsuit against Mr. Purser."

 Following Purser's answer, Vancura, through his attorney, Jack Crews, and Kenan,
through her attorney, John Messer, filed answers on June 2, 1997 and June 5, 1997 respectively. 
Both of these defendants generally denied each and every allegation set forth by Emmons. 
Moreover, in addition to her general denial, Kenan asserted the affirmative defense of the statute
of frauds which requires all agreements involving the sale of real estate be in writing.

 On June 25, 1997, Vancura and Kenan filed a Joint Motion for Summary Judgment. 
The motion and its supporting affidavits by Vancura and Kenan set forth a more detailed
explanation as to why Emmons's petition was barred by the statute of frauds. Specifically, the
affidavits asserted that Emmons never had a written offer for the land in question, nor did he pay
for, possess, or make valuable improvements to such land at any point in time. As will be
explained later, it is important to note that neither of these affidavits mention Purser by name or
reference.

 In response to the Joint Motion for Summary Judgment, Emmons filed a Motion
for Continuance. Emmons requested the continuance to allow him to take the depositions of
Vancura, Kenan, and Purser and use such depositions to prepare an adequate response to
Vancura's and Kenan's Joint Motion for Summary Judgment. These depositions were alleged in
the motion to be scheduled for July 9, 1997, and July 10, 1997.

 On July 7, 1997, Purser's lawyer, apparently after receiving notice of her client's
scheduled deposition, vigorously attacked Scarbrough for scheduling Purser's deposition without
first attempting to schedule it by agreement pursuant to the Texas Lawyer's Creed. (1) Additionally,
she again informed Scarbrough that her client had nothing to do with the transaction alleged. 
Finally, she informed Scarbrough that counsel for Purser would be unavailable for the scheduled
July 9th deposition, as evidenced by a vacation letter on file with the trial court. Therefore
Purser's counsel suggested that the depositions of Kenan and Vancura be taken first before
attempting to reschedule Purser's deposition. Scarbrough adhered to this suggestion and pursued
Kenan's and Vancura's depositions.

 On July 16, 1997, Purser's lawyer faxed her final letter to Scarbrough. In this
letter, she informed Scarbrough that pursuant to a conversation with Vancura's lawyer, Jack
Crews, it was her understanding that the depositions of Kenan and Vancura revealed that "Gary
Purser did not have knowledge of and was not involved in the transaction made the subject [of the
suit]." (2) Following that statement, Purser's lawyer again expressed her desire to have her client
dismissed by stating, "I look forward to receipt of a Notice of Non-suit of my client." 

 On Thursday, July 24, 1997, as a result of a settlement, the record reflects that
Judge Clawson, a retired judge, rendered a Dismissal by Agreement between Emmons and the
defendants Kenan and Vancura. Apparently, according to the certificate of service, the day
before, July 23rd, Emmons mailed his motion and order for non-suit of Gary Purser to all counsel
of record. The motion for non-suit was actually filed by the district clerk's office at 8:52 a.m.
on July 24,1997, the same day as the agreed dismissal. Although the record reflects that both the
motion and order for non-suit of Gary Purser were filed on July 24th, the order was not actually
signed by the trial court, Judge Oliver Kelley presiding, until July 28, 1997.

 The record indicates that on the same day the order for non-suit was signed (July
28, 1997), Purser filed a Motion for Summary Judgment and a Motion for Sanctions pursuant to
Rule 13 of the Texas Rules of Civil Procedure. Purser attached to his Motion for Summary
Judgment the two affidavits of Vancura and Kenan that had been filed with their Joint Motion for
Summary Judgment along with an affidavit from Purser, himself, denying any involvement in the
Vancura and Kenan transaction. This was Purser's first sworn testimony denying any involvement
in the transactions made the subject matter of this suit. As to his Motion for Sanctions, Purser
requested that the trial court sanction Emmons and Scarbrough for filing a "frivolous and
groundless" lawsuit against him.

 On August 15, 1997, the trial court heard Purser's Motion for Sanctions. (3) At that
hearing, Purser did not call any witnesses. The only evidence introduced by Purser was the
affidavit of Barbara Van Zanten, the office manager of the law firm representing Purser. This
affidavit, which was admitted over Scarbrough's objection, outlined the exact amount owed by
Purser to the law firm ($3,230.14), as well as how the firm billed Purser for its legal services. 
The trial court then invited Emmons and Scarbrough to present evidence on their behalf, but they
refused to do so, claiming that Purser had not proved his case for sanctions. The trial court then
informed the parties that it was going to take judicial notice of the case file, including the
affidavits contained therein, as well as consider the statements made by Purser's counsel at the
hearing.

 After considering arguments of counsel, as well as the items in the case file, the
trial court granted sanctions pursuant to Rule 13 against Emmons and his attorney, Scarbrough,
in the amount of $3,200. In their second point of error, Emmons and Scarbrough argue that there
is no evidence to support the trial court's sanction order. Because we conclude that their
evidentiary challenge is valid and compelling, we will reverse on that basis.


DISCUSSION


 A trial court's imposition of Rule 13 sanctions is within its discretion. Therefore,
we set aside that decision only upon a showing of clear abuse of discretion. Beaumont Bank, N.A.
v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). In deciding whether the
trial court abused its discretion, we determine whether the trial court's act was arbitrary,
unreasonable, or without reference to any guiding principles. Id. A trial court abuses its
discretion in imposing sanctions only if it based its order on an erroneous view of the law or a
clearly erroneous assessment of the evidence. Home Owners Funding Corp. v. Scheppler, 815
S.W.2d 884, 887-89 (Tex. App.--Corpus Christi 1991, no writ).


 Rule 13 of the Texas Rules of Civil Procedure provides:


 The signatures of attorneys or parties constitute a certificate by them that
they have read the pleading, motion, or other paper; that to the best of their
knowledge, information, and belief formed after reasonable inquiry the instrument
is not groundless and brought in bad faith or groundless and brought for the
purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an
experiment to get an opinion of the court, or who shall file any fictitious pleading
in a cause for such a purpose, or shall make statements in pleading which they
know to be groundless and false, for the purpose of securing a delay of the trial of
the cause, shall be held guilty of a contempt. If a pleading, motion or other paper
is signed in violation of this rule, the court, upon motion or upon its own initiative,
after notice and hearing, shall impose an appropriate sanction available under Rule
215-2b, upon the person who signed it, a represented party, or both.


 Courts shall presume that pleadings, motions, and other papers are filed
in good faith. No sanctions under this rule may be imposed except for good cause,
the particulars of which must be stated in the sanction order. "Groundless" for
purposes of this rule means no basis in law or fact and not warranted by good faith
argument for the extension, modification, or reversal of existing law. A general
denial does not constitute a violation of this rule. The amount requested for
damages does not constitute a violation of this rule.



Tex. R. Civ. P. 13 (emphasis added). Thus, Rule 13 authorizes the trial court to impose sanctions
against an attorney, a represented party, or both, who filed a pleading that is either: (1)
groundless and brought in bad faith; or (2) groundless and brought for the purpose of harassment. 
Monroe v. Grider, 884 S.W.2d 811, 817 (Tex. App.--Dallas 1994, writ denied); New York
Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co., 856 S.W.2d 194, 205 (Tex.
App.--Dallas 1993, writ denied). The purpose of Rule 13 is to check abuses in the pleading
process. Home Owners, 815 S.W.2d at 889.

 When determining whether Rule 13 sanctions are proper, the trial court must
examine the circumstances existing when the litigant filed the pleading. Home Owners, 815
S.W.2d at 889. Rule 13 requires the trial court to base sanctions on the acts or omissions of the
represented party or counsel. A trial court may not base Rule 13 sanctions on the legal merit of
a pleading or motion. See Zarsky v. Zurich Management, Inc., 829 S.W.2d 398, 400 (Tex.
App.--Houston [14th Dist.] 1992, no writ). Filing a motion or pleading that the trial court denies
does not entitle the opposing party to Rule 13 sanctions. See Schwagger v. Texas Commerce
Bank, N.A., 813 S.W.2d 225, 226 (Tex. App.--Houston [1st Dist.] 1991, no writ) (per curiam).

 Courts should presume parties and their counsel file all papers in good faith, and
the party seeking sanctions must overcome that presumption. See Tex. R. Civ. P. 13; GTE
Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993). The party seeking
sanctions has the burden of showing its right to relief. GTE Communications, 856 S.W.2d at 731.

 We will assume for the purpose of this discussion that the claims asserted by
Emmons were groundless. (4) As shown above, however, our inquiry is not over. We must now
examine whether Purser proved the additional element that the claim was brought in either bad
faith or for the purpose of harassment. See id. (burden is on moving party to overcome
presumption that papers filed with court are brought in good faith); see also New York
Underwriters Ins. Co., 856 S.W.2d at 205 (trial court must find that pleadings are in fact
groundless and brought in bad faith or to harass).

 Purser contends that "bad faith and/or harassment can most assuredly be implied
from the circumstantial evidence contained within the court's file." Specifically, Purser argues
that the record evidence shows that: (1) Emmons and Scarbrough joined Purser as a defendant
without first ascertaining the basis of his liability by reasonable investigation; (2) Emmons and
Scarbrough maliciously kept Purser in the suit despite repeated requests to dismiss him based upon
his non-involvement with the transaction made the subject matter of this suit; and (3) Emmons and
Scarbrough failed to timely non-suit Purser after settling with and dismissing the real parties in
interest, i.e., Kenan and Vancura.

 Purser misconstrues the record in this case. First, there is no evidence in this
record to support Purser's claim that Emmons and Scarbrough joined Purser without conducting
a reasonable investigation. At the sanctions hearing, despite the fact that both Emmons and Purser
were present, neither was called to testify to explain why Purser was originally joined in the
lawsuit along with Vancura and Kenan. Moreover, although the court took judicial notice of the
case file, nothing in that file proves that Emmons and Scarbrough joined Purser without first
conducting a reasonable investigation. See Tanner, 856 S.W.2d at 731.

 Second, the record does not demonstrate that Emmons and Scarbrough acted in bad
faith or for the purpose of harassment by refusing to adhere to Purser's counsel's numerous
requests to dismiss Purser. This is true because the record reveals that such requests were made
without proof of Purser's non-involvement. In particular, we note that prior to any sworn
testimony absolving Purser, the only items on record were (1) Reesa Hendrick's (Purser's
counsel) letters nakedly asserting that Purser was not involved, and (2) affidavits from Vancura
and Kenan which make no mention of Purser whatsoever. Certainly these items did not
necessarily warrant Purser's dismissal. Moreover, once Emmons and Scarbrough received sworn
deposition testimony from Vancura and Kenan absolving Purser of any wrong doing, Emmons and
Scarbrough did take action to dismiss Purser. In fact, Emmons and Scarbrough dismissed Purser
shortly after Hendrick wrote her final letter referencing Vancura's and Kenan's depositions and
requesting a non-suit, and before Purser ever filed any sworn testimony in this cause.

 Finally, Purser's accusation that Emmons and Scarbrough kept Purser in the lawsuit
despite dismissing Vancura and Kenan is wholly without merit and contrary to the evidence in the
record. Pursuant to a settlement, Emmons and Scarbrough dismissed Vancura and Kenan on July
24, 1997. On that same day, the record indicates that the motion and order to non-suit Purser
were filed. While it is true that the order for non-suit was not actually signed until July 28, 1997,
it cannot be said that Emmons and Scarbrough failed to take prompt action to non-suit Purser after
dismissing Vancura and Kenan. See Shadowbrook Apartments v. Abu-Ahmad, 783 S.W.2d 210,
211 (Tex. 1990) (granting of non-suit is merely ministerial, therefore a plaintiff's right to a non-suit exists at moment motion is filed with clerk of court); Greenberg v. Brookshire, 640 S.W.2d
870, 872 (Tex. 1982), see also Tex. R. Civ. P. 162.

 Therefore, having found no evidence in this record supporting a claim of either bad
faith or harassment, we hold the trial court abused its discretion in ordering Rule 13 sanctions
against Emmons and Scarbrough, and sustain their second point of error.


CONCLUSION


 Having sustained Emmons's and Scarbrough's point of error, we reverse the
sanctions order of the district court and render judgment that Purser take nothing.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Rendered

Filed: May 21, 1998

Publish

1. Section III, item number 14 of the Lawyer's Creed provides:


 I will not arbitrarily schedule a deposition, court appearance, or hearing until a
good faith effort has been made to schedule it by agreement.


 Texas Lawyer's Creed--A Mandate for Professionalism (adopted by the Supreme
Court of Texas and the Court of Criminal Appeals of Texas, Nov. 7, 1989, reprinted
in Texas Rules of Court 505-507 (West 1997)).
2. The record indicates that Vancura's and Kenan's depositions were taken on July 9, 1997.
These depositions, however, were not transcribed and are thus not part of our record on appeal. 
3. Because he had been non-suited, Purser's Motion for Summary Judgment was moot.
4. We note, however, that the settlement reached with Kenan and Vancura suggests that
Emmons's lawsuit was not entirely groundless. But for purposes of argument, we will assume
that it was groundless with regard to Purser.


 although the court took judicial notice of the
case file, nothing in that file proves that Emmons and Scarbrough joined Purser without first
conducting a reasonable investigation. See Tanner, 856 S.W.2d at 731.

 Second, the record does not demonstrate that Emmons and Scarbrough acted in bad
faith or for the purpose of harassment by refusing to adhere to Purser's counsel's numerous
requests to dismiss Purser. This is true because the record reveals that such requests were made
without proof of Purser's non-involvement. In particular, we note that prior to any sworn
testimony absolving Purser, the only items on record were (1) Reesa Hendrick's (Purser's
counsel) letters nakedly asserting that Purser was not involved, and (2) affidavits from Vancura
and Kenan which make no mention of Purser whatsoever. Certainly these items did not
necessarily warrant Purser's dismissal. Moreover, once Emmons and Scarbrough received sworn
deposition testimony from Vancura and Kenan absolving Purser of any wrong doing, Emmons and
Scarbrough did take action to dismiss Purser. In fact, Emmons and Scarbrough dismissed Purser
shortly after Hendrick wrote her final letter referencing Vancura's and Kenan's depositions and
requesting a non-suit, and before Purser ever filed any sworn testimony in this cause.

 Finally, Purser's accusation that Emmons and Scarbrough kept Purser in the lawsuit
despite dismissing Vancura and Kenan is wholly without merit and contrary to the evidence in the
record. Pursuant to a settlement, Emmons and Scarbrough dismissed Vancura and Kenan on July
24, 1997. On that same day, the record indicates that the motion and order to non-suit Purser
were filed. While it is true that the order for non-suit was not actually signed until July 28, 1997,
it cannot be said that Emmons and Scarbrough failed to take prompt action to non-suit Purser after
dismissing Vancura and Kenan. See Shadowbrook Apartments v. Abu-Ahmad, 783 S.W.2d 210,
211 (Tex. 1990) (granting of non-suit is merely ministerial, therefore a plaintiff's right to a non-suit exists at moment motion is filed with clerk of court); Greenberg v. Brookshire, 640 S.W.2d
870, 872 (Tex. 1982), see also Tex. R. Civ. P. 162.

 Therefore, having found no evidence in this record supporting a claim of either bad
faith or harassment, we hold the trial court abused its discretion in ordering Rule 13 sanctions
against Emmons and Scarbrough, and sustain their second point of error.


CONCLUSION