# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00506-CV

**Letesia Cantu-McGarrahan d/b/a/ Cantu-McGarrahan Architects, Appellant**

**v.**

**Merrell Foote and John Foote, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 249874, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

This is an appeal from an order assessing sanctions against an attorney. Merrell and John Foote brought suit against the defendant, Letesia Cantu-McGarrahan, an architect, asserting claims under the Texas Residential Construction Liability Act[1] and the Texas Deceptive Trade Practices and Consumer Protection Act (ADTPA@)[2] arising out of Cantu-McGarrahan=s efforts to remodel a residential property owned by the Footes. A jury eventually found against the Footes and judgment was rendered that they take nothing on their claims. In the interim, Cantu-McGarrahan=s attorneys filed several motions for summary judgment. The relevant motion challenged the Footes=DTPA claims, asserting that there was no evidence to support them. Tex. R. Civ. P. 166a(i). The Footes=counsel filed a response to the motion along with a motion for sanctions expressly based on Texas Rule of Civil Procedure 13. The county court at law denied

---

[1] Tex. Prop. Code Ann. ' 27.003 (West 2000).

[2] Tex. Bus. & Comm. Code Ann. ' 17.46 (West Supp. 2002).

the no-evidence summary judgment motion and awarded sanctions against Cantu-McGarrahan=s attorney in the amount of $1,350.[3]  We will reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The order in issue was signed on April 2, 2001.  It states that the Footes= March 7, 2001 motion for sanctions Ais meritorious and granted.@ The order contains no findings or conclusions regarding the specific reasons for imposing the sanctions.  It ordered Cantu-McGarrahan=s attorney to pay the Footes A$1,350.00 as sanctions no later than June 1, 2001.@ After a trial on the merits and a jury verdict favorable to Cantu-McGarrahan, the court signed a final judgment on July 26, 2001, which ruled that Aplaintiffs take nothing by this suit.@

At the time the no-evidence motion for summary judgment was filed on February 8, 2001, the period for discovery was scheduled to close on March 9 and trial was set for April 9.  The order denying the no-evidence summary judgment motion was signed on March 5.  On March 7, the Footes filed their motion for sanctions.  A hearing on the sanctions motion was had on March 30, and the order was signed on April 2.

The evidence introduced at the March 30 hearing on the motion for sanctions was testimony from the attorneys.  The Footes= counsel, Leon Barish, testified that when he received the motion for

---

[3] That amount represents reimbursement for the time that the Footes= attorney spent responding to the no-evidence motion for summary judgment, appearing for the summary judgment hearing, as well as filing and prosecuting the motion for sanctions.

summary judgment he called one of Cantu-McGarrahan=s attorneys, Ahmad Keshavarz, and complained that it was groundless. Barish testified that Keshavarz insisted the motion was meritorious and that he would go forward with it. Prior to the March 5 hearing on the no-evidence summary judgment, Keshavarz left his employment with his non-profit public interest law firm. When Barish learned this, he placed a call to the remaining attorney for Cantu-McGarrahan, James Harrington. Barish said he left a message with Harrington=s legal assistant inquiring whether he intended to go forward with the motion. He testified that Harrington did not respond, so he called again and left another message but Harrington never responded. He said he received no other communications from Harrington=s office. Nevertheless, Barish said that Harrington=s office called and announced Aready@ for the hearing. He testified that Athey set it for hearing. They made the docket call announcement; they didn=t show up; they didn=t notify me that they weren=t showing up.@

Harrington testified that his failure to appear at the hearing was the result of a breakdown in communications in his office. He testified that after he received the Footes= response to the no-evidence motion for summary judgment he determined that it was likely that his motion would be denied. He instructed his office staff to cancel the scheduled hearing on the motion. Instead of cancelling the hearing, his secretary apparently made a routine announcement of Aready.@ At the hearing, the court rebuked Harrington for forcing the Footes to Aspin their wheels.@

## DISCUSSION

We review trial court decisions regarding sanctions under an abuse of discretion standard, reversing only upon a showing of a clear abuse of discretion. *GTE Communications Sys. Corp. v.*

**3**

*Tanner*, 856 S.W.2d 725, 730 (Tex. 1993); *Emmons v. Purser*, 973 S.W.2d 696, 699 (Tex. App.ℂAustin 1998, no pet.). Whether a trial court=s act is an abuse of discretion depends on whether the act was arbitrary, unreasonable, or without reference to any guiding legal principles. *Emmons*, 973 S.W.2d at 699. A trial court abuses its discretion in imposing sanctions when the decision is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.*; *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 887-89 (Tex. App.ℂCorpus Christi 1991, no writ).

The Footes based their motion for sanctions on Rule 13 of the Texas Rules of Civil Procedure. Rule 13 provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other papers; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.

Tex. R. Civ. P. 13.

**Preservation of the Lack of a Statement of Particulars**

Rule 13 plainly requires that an order granting sanctions must set forth the reasons amounting to Agood cause@ for the imposition of the sanctions. The rule requires that the order state specific acts or omissions on which the sanctions are based. *Tarrant County v. Chancey*, 942 S.W.2d 151, 155

**4**

(Tex. App.CFort Worth 1997, no writ) (holding conclusory recitations that filing was done in bad faith or to harass or cause undue delay are insufficient). The purpose of the rule's particularity requirement is to justify the imposition of sanctions and to give some indication that they were carefully weighed and imposed in appropriate circumstances. *Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 710 (Tex. App.CHouston [1st Dist.] 1998, no pet.). Cantu-McGarrahan complains about the lack of a statement of particulars in this court=s sanctions order.

The courts of appeals are split on the issue of the necessity of preserving complaints about the failure to recite reasons amounting to good cause in sanctions orders. *Compare Friedman & Asssocs. v. Beltline Rd., Ltd.*, 861 S.W.2d 1, 3 (Tex. App.CDallas 1993, writ dism=d) (holding that requirement in rule 13 is mandatory, therefore, preservation through objection is not necessary) *with Campos v. Ysleta Gen. Hosp., Inc*., 879 S.W.2d 67, 70 (Tex. App.CEl Paso 1994, writ denied) (holding party waives error unless party objects to lack of statement of good cause). This Court requires that the complaining party object in the trial court to the failure to include a statement of good cause in a sanctions order. *Land v. AT&S Transp., Inc*., 947 S.W.2d 665, 667 (Tex. App.C Austin 1997, no writ).

Here, Cantu-McGarrahan did not object to the lack of a statement of good cause in the order. Although the order is clearly lacking, the error has not been preserved and we cannot consider it. *See id.* Cantu-McGarrahan=s third issue on appeal is overruled.

**No Evidentiary Basis for Rule 13 Sanctions**

Cantu-McGarrahan chiefly complains that the trial court abused its discretion in imposing sanctions when there was no evidentiary basis for the trial court=s conclusion that the no-evidence motion for summary judgment was groundless or that it was brought in bad faith or for the purpose of harassment. When reviewing no-evidence challenges, we consider only the evidence and inferences that support the court=s judgment or finding and disregard anything to the contrary. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex. App.CDallas 1993, no writ).

Rule 13 prescribes that courts presume that papers are filed in good faith. Tex. R. Civ. P. 13; *GTE Communications Sys. Corp.*, 856 S.W.2d at 731. The burden of proof is therefore on the movant to establish: (1) that the document filed was groundless, *and either* that it was brought (2) in bad faith, *or* (3) for the purpose of harassment. *McCain*, 856 S.W.2d at 757.

The purpose of rule 13 is to check abuses in the pleading process. *Scheppler*, 815 S.W.2d at 889. It is to ensure that all pleadings filed are Afactually well grounded and legally tenable.@ *Id.* Rule 13 is a

> tool that must be available to trial courts in those egregious situations where the worst of the bar uses our honored system for ill motive without regard to reason and the guiding principles of law. The rule, however, cannot be a weapon used to punish those whose intellect or philosophic viewpoint the trial court finds fault[y].

*Chancey*, 942 S.W.2d 154-55 (citing *Dyson Descendent Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 951 (Tex. App.CHouston [1st Dist.] 1993, no writ)).

Before a court reaches the issues of bad faith and harassment, the issue of groundless must first be determined. *Laub v. Pesikoff*, 979 S.W.2d 686, 694 (Tex. App.CHouston [1st Dist.] 1998, pet.

**6**

denied). AGroundless@ as used in this rule means no basis in law or fact and not warranted by a good faith

argument for the extension, modification, or reversal of existing law. *Williams v. Akzo Nobel Chem., Inc.*,

999 S.W.2d 836, 845 (Tex. App.CTyler 1999, no pet.). ABad faith@ is Athe conscious doing of a wrong

for dishonest, discriminatory, or malicious purposes.@ *Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex.

App.CHouston [14th Dist.] 2000, no pet.) (quoting *Campos*, 879 S.W.2d at 71).

This means that rule 13 requires that a court hold an evidentiary hearing in order to make

the necessary factual determinations about the motives and credibility of the persons signing the pleading in

issue. *McCain*, 856 S.W.2d at 757; *Scheppler*, 815 S.W.2d at 888-89. The court must also consider the

facts available to the litigant at the time the pleading or motion was filed. *Mattly*, 19 S.W.3d at 896;

*Scheppler*, 815 S.W.2d at 889. Without hearing evidence on the circumstances surrounding the filing of the

document or the signatory=s motives or credibility, a trial court has no evidentiary basis for a finding that the

document was filed in bad faith or for purposes of harassment. *Williams*, 999 S.W.2d at 846; *Karlock v.*

*Schattman*, 894 S.W.2d 517, 523 (Tex. App.CFort Worth 1995, orig. proceeding); *McCain*, 856

S.W.2d at 757-58.

The Footes failed to carry their burden of proof. At the hearing on the motion for sanctions,

the Footes= evidence consisted of their attorney testifying that the no-evidence motion for summary

judgment was groundless because (1) he had developed evidence which he believed defeated the motion

and (2) the trial court denied the motion.[4] He complained that Cantu-McGarrahan=s counsel was aware of

---

[4] We note that the trial court wrote on the order denying the no-evidence motion for summary judgment a handwritten interlineation: ADefendant did not appear.@ Thus, it appears that it was counsel=s failure to appear at the hearing, rather than the merits of the motion itself, that resulted, at least in part, in the

7

this evidence before the motion was filed. The Footes= counsel testified that he called Cantu-McGarrahan=s counsel=s office several times asking whether he intended to pursue the motion in light of the Footes= response. Cantu-McGarrahan=s counsel never returned his calls or answered his inquiry. Then, Cantu-McGarrahan=s counsel=s office announced Aready@ for the hearing according to the county=s local rules. The Footes= attorney testified that he appeared for the summary judgment hearing and Cantu-McGarrahan=s counsel did not. Finally, he testified to the amount of time he spent responding to the motion and filing his sanctions motion.

Cantu-McGarrahan=s counsel testified that his failure to attend the hearing was a result of miscommunications within his office. He testified he was not aware of opposing counsel=s telephone calls or messages. He brought the no-evidence summary judgment motion on four very specific points which he felt the Footes had been unable to establish in their case. He testified that after he received the Footes= response he instructed his office to cancel the hearing. Instead of canceling the hearing, he said that his staff followed standard procedures and announced Aready@ for the hearing. He also testified that in over twenty years of practice this was only the second time that he had ever failed to appear for a hearing, and he apologized to the court. This testimony by Cantu-McGarrahan=s counsel was the only evidence presented on the issue of his credibility or motives in signing and filing the no-evidence summary judgment motion. The Footes= only evidence of Abad faith@ was Barish=s telephone messages and counsel=s failure to appear at the hearing.

---

denial of the motion.

It is well-settled that the fact that a motion is denied is no proof that it was groundless. *GTE Communications Sys. Corp.*, 856 S.W.2d at 731. The fact that opposing counsel asserts that a claim or motion is groundless and demands its withdrawal does not make it so and is no proof of groundlessness. *Mattly*, 19 S.W.3d at 898. The only evidence about the motives of Cantu-McGarrahan=s counsel in filing the motion, or his factual or legal inquiry prior to the filing, came from Cantu-McGarrahan=s counsel. Without testimony as to these matters that tends to support the trial court=s conclusions of groundlessness and bad faith, imposing sanctions under rule 13 was an abuse of discretion. *See Karlock*, 894 S.W.2d at 523-24. Moreover, A[b]ad faith does not exist when a party exercises bad judgment or negligence.@ *Mattly*, 19 S.W.3d at 896.

We find no probative evidence in the record that overcomes the presumption that Cantu-McGarrahan=s no-evidence motion for summary judgment was filed in good faith. We sustain Cantu-McGarrahan=s first issue and hold that the trial court abused its discretion in imposing sanctions.

**Rule 13 Applies to the Signing and Filing of Documents**

The Footes urge us to affirm the sanctions order based upon the conduct of counsel in announcing ready for the hearing and then failing to appear. The plain language of the rule limits its application to situations involving the signing and filing of papers in a lawsuit. Tex. R. Civ. P. 13; *GTE Communications Sys. Corp.*, 856 S.W.2d at 730. The Footes argue that rule 13 authorizes courts to impose sanctions for the *conduct* of counsel during litigation, as well as the signing and filing of pleadings, motions and other papers. They state that a Alitigant=s conduct which needlessly increases the cost of the litigation is considered harassment under Rule 13"; they cite *Skepnek v. Mynatt*, 8 S.W.3d 377, 381 (Tex.

**9**

App.CEl Paso 1999, pet. denied), as authority for their assertion. However, the *Skepnek* case does not support the Footes= position.

*Skepnek* involved an attorney=s appeal of an order imposing sanctions for his attaching an affidavit containing false statements to a special appearance filed in an asbestos lawsuit. The attorney represented a corporate defendant and the affidavit was by the corporation=s president. *Id*. at 378-79. Testimony in two subsequent depositions revealed that material statements in the affidavit were not true. *Id.* at 379. Nevertheless, the attorney failed to correct the false statements, and even refiled the same affidavit in connection with another special appearance. *Id*. at 379-80. After an evidentiary hearing, the court found that the attorney knew the statements in the affidavit were false when he filed the special appearance and did so in bad faith and for the purpose of harassment. *Id*. Sanctions were levied in the amount of $30,000.

The appellant in *Speknek* argued that, because it was the affidavit that was false and he did not sign the affidavit, the trial court abused its discretion in imposing sanctions. *Id*. at 381. The appellate court found that A>the conduct= to which the court referred [in its sanctions order] was the filing of the special appearance motion and not the mere filing of a false affidavit.@ *Id*. The court noted that the special appearances filed by the attorney specifically adopted and incorporated the affidavit so that the affidavit became a part of the special appearance. *Id*. Therefore, the trial court did not abuse its discretion by sanctioning the attorney for the filing of the special appearance. *Id.*

Nothing in *Speknek* indicates that rule 13 applies to anything other than the signing and filing of various documents. By the rule=s own terms it is limited to the signing and filing of Apleadings, motions, and other papers@ in the courts, and *Speknek* does not hold otherwise. Rule 13 does not regulate counsel=s

attendance at hearings. Courts have inherent powers to regulate behavior in their courtrooms. *See, e.g.*, *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (trial court has inherent power to regulate courtroom administration and control the disposition of cases before it). Texas Rule of Civil Procedure 165a(1) empowers a trial court with authority to dismiss a case for want of prosecution on the failure of any party seeking affirmative relief to appear for trial Aor for any hearing.@ Tex. R. Civ. P. 165a(1). The Footes did not seek to invoke the court=s inherent power or its authority under rule 165a(1). They expressly sought and received sanctions under rule 13 for conduct which that provision does not regulate.

We sustain Cantu-McGarrahan=s second issue on appeal.

### CONCLUSION

The judgment of the county court at law is reversed in part to the extent it imposes monetary sanctions on counsel for Cantu-McGarrahan. Accordingly, the case is remanded to the county court at law for further proceedings consistent with this opinion.[5]

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

---

[5] *See* Tex. R. App. P. 43.2(d), 43.3(a).

Filed:   July 26, 2002

Do Not Publish