TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00056-CV






Suzanne Dewalt and Richard L. Ducote, Appellants


v.


Michael Craig Dewalt, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT 

NO. C2001-0813C, HONORABLE JACK ROBISON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N 




 The trial court sanctioned a lawyer, Richard L. Ducote, and his client, Suzanne
Dewalt (Suzanne), (1) for filing a groundless pleading in a child-custody dispute in bad faith or for the
purpose of harassment. See Tex. R. Civ. P. 13. Ducote and Suzanne both filed notices of appeal. 
Ducote filed a brief, in which he contends that the trial court erred in imposing sanctions under rule
13 without first giving him notice and an opportunity to be heard. Because rule 13 requires notice
and a hearing, we reverse and remand the trial court's order.


BACKGROUND

 Ducote, a Louisiana attorney who is not licensed to practice in Texas, obtained the
trial court's authorization to appear pro hac vice as Suzanne's counsel at trial. Suzanne, mother of
four-year-old Jeremy Dewalt, shared joint managing conservatorship with Jeremy's father, Michael
Craig Dewalt (Michael). The dispute began with Suzanne's accusations of abusive conduct by
Michael against their son. Rather than seek a modification of the conservatorship, Suzanne filed suit
to terminate Michael's parental rights. Michael denied the allegations and replied by filing a motion
requesting sole custody of the child. The trial court temporarily suspended contact between Michael and his son and 
appointed psychiatrist Maureen Adair to conduct an independent evaluation of the circumstances to
determine whether Michael's continued contact with the child would be in the child's best interest. 
Upon Dr. Adair's recommendation, the court allowed Michael supervised visitation with the child. 
Consequently, Suzanne filed a motion to adjudicate Dr. Adair in contempt for "losing records,
making false statements to the court, excessive billing, and demonstrated incompetence." The
motion was signed and submitted by Ducote. 

 The case was eventually tried on the merits, and the jury named Michael sole
managing conservator of Jeremy. Immediately after the trial, Suzanne fled with the child rather than
comply with the verdict. Approximately two weeks later, a hearing was held to determine allocation
of fees. (2) At the hearing, the court concluded that Suzanne's motion to adjudicate Dr. Adair in
contempt was submitted in violation of rule 13 of the Texas Rules of Civil Procedure. As a result,
the court sanctioned Ducote and Suzanne, jointly and severally, for all of Dr. Adair's fees, including
the portion previously allocated to and paid by Michael. The total amounted to $27,900. In addition,
the court revoked Ducote's right to practice law in this matter and refused to give him a hearing
before imposing the sanctions or revoking his right to practice law in Texas. 

 Prior to the hearing on fees, no motion for sanctions had been filed nor had any other
notice been issued regarding the court's displeasure with the motion to adjudicate Dr. Adair in
contempt. Ducote now appeals the sanction, arguing that (1) the trial court did not give him notice
and a hearing as required by rule 13, and (2) the amount of the sanction has no basis in rule 13. 


DISCUSSION

 Rule 13 authorizes the trial court to impose sanctions for the filing of a pleading that
is groundless and brought either in bad faith or for the purpose of harassment. See Tex. R. Civ. P.
13; Emmons v. Purser, 973 S.W.2d 696, 699 (Tex. App.--Austin 1998, no pet.). Imposition of
sanctions under rule 13 is subject to the trial court's discretion. Emmons, 973 S.W.2d at 699. Given
this, we will set aside a decision only for a clear abuse of discretion. Id.; see also Beaumont Bank,
N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses its discretion by acting arbitrarily,
unreasonably, or without reference to any guiding principles, such as when it bases its order on an
incorrect interpretation of the law or a clearly erroneous assessment of the evidence. Buller, 806
S.W.2d at 226; Home Owners Funding Corp. v. Scheppler, 815 S.W.2d 884, 889 (Tex.
App.--Corpus Christi 1991, no writ). A trial court can also abuse its discretion by ignoring the
procedural mechanisms in place to guide the court's determination. Karagounis v. Property Co. of
Am., 970 S.W.2d 761, 764 (Tex. App.--Amarillo 1998, pet. denied). 

 Rule 13 reads, "[i]f a . . . motion . . . is signed in violation of this rule, the [trial court],
. . . after notice and hearing, shall impose an appropriate sanction." Tex. R. Civ. P. 13 (emphasis
added). The rule clearly requires that the trial court provide notice and hold an evidentiary hearing
to make the necessary factual determinations about the motives and credibility of the person filing
the groundless pleading. Bisby v. Dow Chem. Co., 931 S.W.2d 18, 21 (Tex. App.--Houston [1st
Dist.] 1996, no writ); McCain v. NME Hosp., Inc., 856 S.W.2d 751, 757 (Tex. App.--Dallas 1993,
no writ); New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co., 856 S.W.2d 194, 205
(Tex. App.--Dallas 1993, no writ). Without such a hearing, the trial court has no evidence before
it to determine that a pleading was filed in bad faith or for the purpose of harassment. Bisby, 931
S.W.2d at 21; McCain, 856 S.W.2d at 757-58; New York Underwriters Ins. Co., 856 S.W.2d at 205.

 In the present case, the trial court sanctioned Ducote and Suzanne under rule 13, and
Ducote was notified of the sanction in the middle of a post-trial hearing that was held to determine
allocation of fees. The sanctioned parties were given neither prior notice nor an opportunity to be
heard after the oral notice. In fact, Ducote--after asking to be heard on the matter--was prohibited
from speaking when the court announced its immediate revocation of his right to practice law pro
hac vice in the court. (3) 

 Although a trial court has great discretion to impose sanctions under rule 13, the rule
clearly states that the court may impose an appropriate sanction only after notice and a hearing. Tex.
R. Civ. P. 13; see also Karagounis, 970 S.W.2d at 764 ("[I]f the rule of law requires the court to
conduct a hearing and receive evidence before it can make a decision and the court does neither, then
the court fails to do those things necessary to enable it to soundly exercise its discretion."). Thus,
the trial court abused its discretion in sanctioning Ducote and Suzanne under rule 13 without
providing any notice or an opportunity to be heard. We reverse the court's order imposing sanctions
and remand this cause to the trial court for further proceedings consistent with this opinion. (4) See
Aldine Indep. Sch. Dist. v. Baty, 946 S.W.2d 851, 853 (Tex. App.--Houston [14th Dist.] 1997, no
writ).

CONCLUSION

 Because we find that rule 13 requires notice and a hearing, we reverse the trial court's
sanctions order and remand for further proceedings consistent with this opinion. 



 _________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: July 15, 2004
1. Because appellant Suzanne Dewalt and appellee Michael Craig Dewalt share the same last
name, we will refer to them by their first names.
2. Suzanne and Jeremy's whereabouts were still unknown at the time of this hearing.
3. Revocation of the right to practice law pro hac vice prohibited Ducote from acting as
Suzanne's attorney in the court; however, he could still have appeared pro se to oppose the sanction
against him. Suzanne apparently was not at the hearing.
4. Because we reverse due to the trial court's failure to provide notice and a hearing, we do
not reach Ducote's second issue--whether the trial court erred in ordering the payment of all of Dr.
Adair's fees as a sanction. However, we note that whether a substantive sanction is just depends on
two factors: (1) the existence of a relationship between the offensive conduct and the sanctions
imposed, and (2) the appropriateness of the sanctions to that conduct. TransAmerican Natural Gas
Co. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991); Hawkins v. Estate of Volkmann, 898 S.W.2d 334,
346-47 (Tex. App.--San Antonio 1994, writ denied).