# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00056-CV

**Suzanne Dewalt and Richard L. Ducote, Appellants**

**v.**

**Michael Craig Dewalt, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C2001-0813C, HONORABLE JACK ROBISON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The trial court sanctioned a lawyer, Richard L. Ducote, and his client, Suzanne Dewalt (Suzanne),[1] for filing a groundless pleading in a child-custody dispute in bad faith or for the purpose of harassment. *See* Tex. R. Civ. P. 13. Ducote and Suzanne both filed notices of appeal. Ducote filed a brief, in which he contends that the trial court erred in imposing sanctions under rule 13 without first giving him notice and an opportunity to be heard. Because rule 13 requires notice and a hearing, we reverse and remand the trial court's order.

### BACKGROUND

Ducote, a Louisiana attorney who is not licensed to practice in Texas, obtained the trial court's authorization to appear *pro hac vice* as Suzanne's counsel at trial. Suzanne, mother of

---

[1] Because appellant Suzanne Dewalt and appellee Michael Craig Dewalt share the same last name, we will refer to them by their first names.

four-year-old Jeremy Dewalt, shared joint managing conservatorship with Jeremy's father, Michael Craig Dewalt (Michael). The dispute began with Suzanne's accusations of abusive conduct by Michael against their son. Rather than seek a modification of the conservatorship, Suzanne filed suit to terminate Michael's parental rights. Michael denied the allegations and replied by filing a motion requesting sole custody of the child.

The trial court temporarily suspended contact between Michael and his son and appointed psychiatrist Maureen Adair to conduct an independent evaluation of the circumstances to determine whether Michael's continued contact with the child would be in the child's best interest. Upon Dr. Adair's recommendation, the court allowed Michael supervised visitation with the child. Consequently, Suzanne filed a motion to adjudicate Dr. Adair in contempt for "losing records, making false statements to the court, excessive billing, and demonstrated incompetence." The motion was signed and submitted by Ducote.

The case was eventually tried on the merits, and the jury named Michael sole managing conservator of Jeremy. Immediately after the trial, Suzanne fled with the child rather than comply with the verdict. Approximately two weeks later, a hearing was held to determine allocation of fees.[2] At the hearing, the court concluded that Suzanne's motion to adjudicate Dr. Adair in contempt was submitted in violation of rule 13 of the Texas Rules of Civil Procedure. As a result, the court sanctioned Ducote and Suzanne, jointly and severally, for all of Dr. Adair's fees, including the portion previously allocated to and paid by Michael. The total amounted to $27,900. In addition, the court revoked Ducote's right to practice law in this matter and refused to give him a hearing before imposing the sanctions or revoking his right to practice law in Texas.

---

[2] Suzanne and Jeremy's whereabouts were still unknown at the time of this hearing.

Prior to the hearing on fees, no motion for sanctions had been filed nor had any other notice been issued regarding the court's displeasure with the motion to adjudicate Dr. Adair in contempt. Ducote now appeals the sanction, arguing that (1) the trial court did not give him notice and a hearing as required by rule 13, and (2) the amount of the sanction has no basis in rule 13.

## DISCUSSION

Rule 13 authorizes the trial court to impose sanctions for the filing of a pleading that is groundless and brought either in bad faith or for the purpose of harassment. *See* Tex. R. Civ. P. 13; *Emmons v. Purser*, 973 S.W.2d 696, 699 (Tex. App.—Austin 1998, no pet.). Imposition of sanctions under rule 13 is subject to the trial court's discretion. *Emmons*, 973 S.W.2d at 699. Given this, we will set aside a decision only for a clear abuse of discretion. *Id.*; *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without reference to any guiding principles, such as when it bases its order on an incorrect interpretation of the law or a clearly erroneous assessment of the evidence. *Buller*, 806 S.W.2d at 226; *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 889 (Tex. App.—Corpus Christi 1991, no writ). A trial court can also abuse its discretion by ignoring the procedural mechanisms in place to guide the court's determination. *Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 764 (Tex. App.—Amarillo 1998, pet. denied).

Rule 13 reads, "[i]f a . . . motion . . . is signed in violation of this rule, the [trial court], . . . *after notice and hearing*, shall impose an appropriate sanction." Tex. R. Civ. P. 13 (emphasis added). The rule clearly requires that the trial court provide notice and hold an evidentiary hearing

3

to make the necessary factual determinations about the motives and credibility of the person filing the groundless pleading. *Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ); *McCain v. NME Hosp., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ); *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ). Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or for the purpose of harassment. *Bisby*, 931 S.W.2d at 21; *McCain*, 856 S.W.2d at 757-58; *New York Underwriters Ins. Co.*, 856 S.W.2d at 205.

In the present case, the trial court sanctioned Ducote and Suzanne under rule 13, and Ducote was notified of the sanction in the middle of a post-trial hearing that was held to determine allocation of fees. The sanctioned parties were given neither prior notice nor an opportunity to be heard after the oral notice. In fact, Ducote—after asking to be heard on the matter—was prohibited from speaking when the court announced its immediate revocation of his right to practice law *pro hac vice* in the court.[3]

Although a trial court has great discretion to impose sanctions under rule 13, the rule clearly states that the court may impose an appropriate sanction only after notice and a hearing. Tex. R. Civ. P. 13; *see also Karagounis*, 970 S.W.2d at 764 ("[I]f the rule of law requires the court to conduct a hearing and receive evidence before it can make a decision and the court does neither, then the court fails to do those things necessary to enable it to soundly exercise its discretion."). Thus, the trial court abused its discretion in sanctioning Ducote and Suzanne under rule 13 without

---

[3] Revocation of the right to practice law *pro hac vice* prohibited Ducote from acting as Suzanne's attorney in the court; however, he could still have appeared *pro se* to oppose the sanction against him. Suzanne apparently was not at the hearing.

providing any notice or an opportunity to be heard. We reverse the court's order imposing sanctions and remand this cause to the trial court for further proceedings consistent with this opinion.[4]

## CONCLUSION

Because we find that rule 13 requires notice and a hearing, we reverse the trial court's sanctions order and remand for further proceedings consistent with this opinion.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed:  July 15, 2004

---

[4] Because we reverse due to the trial court's failure to provide notice and a hearing, we do not reach Ducote's second issue—whether the trial court erred in ordering the payment of *all* of Dr. Adair's fees as a sanction.  However, we note that whether a substantive sanction is just depends on two factors: (1) the existence of a relationship between the offensive conduct and the sanctions imposed, and (2) the appropriateness of the sanctions to that conduct. *TransAmerican Natural Gas Co. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991); *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 346-47 (Tex. App.—San Antonio 1994, writ denied).