Patricia McCAIN, Individually and as Next Friend of Cathey Wright, an Incompetent Person, and Jason Wright, a Minor Child; Michael K. Russell; and Robert L. Crill, Appellants,

v.

NME HOSPITALS, INC., d/b/a Dallas Rehabilitation Institute; Bruce F. Howell, Individually and as a partner in Dean & Howell; Dean & Howell; Kevin Keith, Individually and as a Partner in Bailey & Williams; and Bailey & Williams, Appellees.

No. 05–92–01267–CV.

Court of Appeals of Texas, Dallas.

May 3, 1993.

---

**752**

Charles W. McGarry, Michael K. Russell, Law Offices of Arlene D. Bynum, Dallas, TX, for appellants.

Russell W. Schell, Lori B. Wiese, Schell, Nicholas, Thompson, Beene & Vaughan, L.L.P., Dallas, for NME Hospitals, Inc. d/b/a Dallas Rehabilitation Inst.

R. Brent Cooper, Scott A. Whisler, Michael W. Huddleston, Cowles & Thompson, Shannon R. Foster, Forbes & Calabrese, Ben H. Tompkins, Dallas, for Kevin Keith, Bailey & Williams, et al.

Before BAKER, LAGARDE and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

This is a death penalty sanction case.[1] The trial court dismissed appellants' cause of action with prejudice under rule 13 of the Texas Rules of Civil Procedure.[2] We conclude the trial court abused its discretion in ordering sanctions. We sustain appellants' sixth and eighth points of error. We reverse the trial court's judgment. We remand this cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit arises out of Cathey Wright's discharge from the Dallas Rehabilitation Institute. Wright was an incompetent adult resident of DRI. Wright assigned her rights to insurance benefits to DRI. DRI and the insurance companies, BSC Life and Galaxia Life, negotiated a settlement for payment of medical expenses incurred by Wright. DRI discharged Wright from its care when Wright exhausted her insurance benefits. Wright sued DRI, the insurance companies, and various lawyers and their law firms. Wright alleged the defendants entered into a civil conspiracy to misrepresent her insurance benefits and wrongfully discharged her from DRI.

When the insurance companies went into receivership, appellants filed a notice of nonsuit. The remaining defendants filed separate rule 13 motions requesting a dismissal with prejudice and attorney's fees. After a hearing, the trial court granted each defendant's motion and dismissed appellants' cause of action with prejudice. In addition, the trial court imposed rule 13 sanctions against appellants' attorneys. The court required appellants' attorneys to pay the defendants' attorneys' fees.

In addition to its rule 13 motion, DRI filed a counterclaim. DRI alleged Wright's Deceptive Trade Practice claim was groundless and brought in bad faith. DRI sought summary judgment of its counterclaim and attorney's fees under section 17.-50(c) of the Texas Deceptive Trade Practices–Consumer Protection Act. TEX.BUS. & COM.CODE ANN. § 17.50(c) (Vernon 1987). DRI offered the trial court's order on DRI's motion for sanctions and an affidavit in support of its attorney's fees as summary judgment evidence. The trial court granted summary judgment for DRI. The court assessed attorney's fees against appellants.

The trial court entered final judgment. Appellants timely filed a motion for new trial. Appellants asserted there was no evidence to show that their petition was groundless, brought in bad faith, or

---

1. Death penalty sanctions is the term given to the trial court's option to strike an offending party's pleadings, dismissing with or without prejudice the party's action, or rendering a default judgment against the disobedient party as provided under rule 215(2)(b)(5) of the Texas Rules of Civil Procedure.

2. All further references to rules will be to the Texas Rules of Civil Procedure unless otherwise stated.

brought to harass. The trial court overruled appellants' motion for new trial.

## THE PARTIES' CONTENTIONS

### A. Appellants' Contentions

Appellants contend the trial court's death penalty sanction is a fundamental misuse of rule 13. Appellants argue the trial court did not follow the mandatory requirements of rule 13. In points of error one through five, appellants claim the trial court's orders are fundamentally defective and violate the United States and Texas Constitutions. In points of error six through eight, appellants contend there is no evidence to support the trial court's orders dismissing their case and granting DRI summary judgment.

### B. Appellees' Contentions

Appellees contend appellants did not preserve their complaints for appellate review. Appellees further argue that this Court must affirm the trial court's judgment because the record contains more than a scintilla of evidence to support the judgment.

## PRESERVATION OF ERROR

### A. Applicable Law

█ Initially, we review the record to determine if appellants preserved error in the trial court. The failure to raise an issue in the trial court waives the issue. *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986). Rule 52(a) of the Texas Rules of Appellate Procedure provides:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context.

Tex.R.App.P. 52(a). An objection must not only identify the subject of the objection, but it also must state specific grounds for the ruling desired. Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error.

*Luna v. Southern Pac. Transp. Co.*, 724 S.W.2d 383, 384 (Tex.1987); *Port Dist. v. Fritz Chem. Co.*, 775 S.W.2d 669, 671 (Tex. App.—Dallas 1989, writ dism'd).

### B. Application of the Law to the Facts

█ In point of error one, appellants contend the trial court erred in finding a rule 13 violation. Appellants argue that the trial court did not make the necessary factual determinations or hold an *evidentiary* hearing as required by the rule. The trial court did hold a hearing. Appellants participated fully in the hearing and did not object to the proceedings. Appellants had the opportunity to present evidence or object if the trial court refused to allow them to do so. Appellants chose not to present evidence, request a continuance, or object to the hearing. Appellants cannot complain about the trial court's method of conducting the hearing for the first time on appeal. Tex.R.App.P. 52(a); *cf. Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied). Appellants preserved nothing for review.

█ In point of error two, appellants argue that the trial court's dismissal of their case with prejudice was not an appropriate sanction. Appellants did not raise this issue in the trial court. Appellants preserved nothing for review. Tex.R.App.P. 52(a); *see Andres v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568–69 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

█ In points of error three and four, appellants claim that the trial court violated the due process and due course of law provisions of the United States and Texas Constitutions. *See* U.S. Const. amend. XIV; Tex. Const. art. 1, § 19. The record shows that appellants did not present these constitutional arguments to the trial court. The failure to raise a constitutional challenge in the trial court waives the claim on appeal. Tex.R.App.P. 52(a); *Walker v. Employees Retirement Sys.*, 753 S.W.2d 796, 798 (Tex.App.—Austin 1988, writ denied). Appellants preserved nothing for review.

In point of error five, appellants claim that the trial court did not specify the

particular conduct constituting good cause for the assessment of sanctions. The record does not show that appellants objected to the trial court's failure to be more specific about good cause or its particulars. Appellants preserved nothing for review. TEX.R.APP.P. 52(a); *see Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied).

We overrule appellants' points of error one through five because appellants preserved nothing for review.

### SUFFICIENCY OF THE EVIDENCE

In points of error six and seven, appellants contend there is no evidence to support the award of sanctions against appellants. Appellees assert that appellants waived these points of error by not objecting to the lack of a factual record in the court's orders. We disagree.

### A. The Rule 13 Sanctions

In their motion for new trial, appellants contended there was no evidence to support the trial court's finding that plaintiffs' original petition was groundless, brought in bad faith, or brought to harass. Appellants timely filed their motion for new trial. The trial court had the opportunity to reconsider its sanctioning order and make proper findings of fact and conclusions of law. Moreover, in a non-jury case, appellants may raise a no evidence point for the first time on appeal. *See Cecil v. Smith*, 804 S.W.2d 509, 512 n. 6 (Tex.1991). A motion for new trial is not necessary to raise either legal or factual sufficiency complaints in a non-jury trial. TEX. R.APP.P. 52(d); *see Strickland v. Coleman*, 824 S.W.2d 188, 191 (Tex.App.—Houston [1st Dist.] 1991, no writ). Appellants' points of error six and seven are properly before this Court.

### B. Standard of Review

The trial court's imposition of rule 13 sanctions is within its discretion. We set aside that decision only upon a showing of clear abuse of discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989). In deciding whether the trial court abused its discretion, we determine whether the trial court's act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). Appellants contend the trial court abused its discretion in granting rule 13 sanctions because no evidence exists to show that appellants brought a groundless claim in bad faith or to harass.

No evidence points are questions of law. *Tomlinson v. Jones*, 677 S.W.2d 490, 492 (Tex.1984). In reviewing a no evidence point, we consider only the evidence and inferences that support the findings. We disregard all evidence and inferences to the contrary. *Jacobs v. Danny Darby Real Estate*, 750 S.W.2d 174, 175 (Tex.1988). We sustain a no evidence point only when the record shows one or more of the following:

(1) a complete absence of evidence of a vital fact;

(2) rules of law or evidence bar consideration of the only evidence offered to prove the vital fact;

(3) the evidence offered to support the vital fact is no more than a mere scintilla; or

(4) the evidence conclusively establishes the opposite of the vital fact.

*Anderson v. City of Seven Points*, 806 S.W.2d 791, 795 n. 3 (Tex.1991).

In reviewing the trial court's sanction orders, we ordinarily look to its formal findings of fact and conclusions of law. When the trial court does not make findings of fact and conclusions of law in a bench trial, the judgment implies all necessary fact findings to support it. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). We uphold the judgment on any applicable theory that finds support in the record. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968).

If no evidence exists to support the judgment, then we must reverse the judgment. To support a reversal of the trial court's actions, the trial court's imposition of the requested sanctions must amount to such a denial of an appellant's rights as was reasonably calculated to

cause, and probably did cause, rendition of an improper judgment. *See* TEX.R.APP.P. 81(b)(1); *Bruner v. Exxon Co., U.S.A.*, 752 S.W.2d 679, 682 (Tex.App.—Dallas 1988, writ denied).

## C. Requirements of Rule 13

Rule 13 authorizes the imposition of sanctions available under rule 215(2)(b) against an attorney, a represented party, or both, who file a pleading that is: (1) both groundless *and* brought in bad faith; *or* (2) groundless *and* brought for the purpose of harassment. The purpose of rule 13 is to check abuses in the pleading process. *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 889 (Tex. App.—Corpus Christi 1991, no writ). The trial court must find that the pleadings are in fact groundless *and* were brought in bad faith or to harass. *Home Owners*, 815 S.W.2d at 887.

## D. The Trial Court's Orders

The trial court's orders state: "the court finds that the allegations pertaining [to each defendant] ... violate the provisions of rule 13 of the Texas Rules of Civil Procedure." The sanction orders do not have findings of fact or specific conclusions of law. The orders do not describe good cause or its particulars as required by rule 13. Rather, each order states that the court heard arguments of counsel and reviewed the corresponding motion and other documents on file in the case. We look to the record to determine if it will support the judgment.

## E. Application of the Law to the Facts

The trial court determined that the petition was groundless as a matter of law. Groundlessness is defined as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX.R.CIV.P. 13. Plaintiffs' Original Petition alleged a violation of the Texas Insurance Code. TEX.INS.CODE ANN. art. 21.21, § 16 (Vernon 1981). The purpose of article 21.21 is to regulate the trade practices in the insurance business. TEX.INS.CODE ANN.

art. 21.21, § 1 (Vernon 1981). Article 21.21 applies only to persons or entities "engaged in the business of insurance." TEX. INS.CODE ANN. art. 21.21, § 2 (Vernon 1981). None of the defendants were engaged in the business of insurance. The trial court did not err in finding the petition groundless as a matter of law. We overrule point of error seven.

We focus our inquiry on whether the record supports the trial court's implied finding that appellants and their attorneys acted in bad faith or to harass. The orders show the trial court based its decision on Plaintiffs' Original Petition, the sanctioning motions each defendant filed, affidavits about attorneys' fees, and arguments of counsel.

Motions and arguments of counsel are not evidence. *Delgado v. Kitzman*, 793 S.W.2d 332, 333 (Tex.App.—Houston [1st Dist.] 1990, no writ). The trial court based its sanctioning order solely on Plaintiffs' Original Petition. Without any other evidence, we review the petition to determine if it supports a finding that appellants or their attorneys violated rule 13.

The central issue before us is whether the petition, standing alone, could establish the second essential element of rule 13 as a matter of law. We hold the petition alone cannot establish that the represented party or its attorney brought their case in bad faith or to harass.

The trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Home Owners*, 815 S.W.2d at 889. Rule 13 requires sanctions based on the acts or omissions of the represented party or counsel, not merely on the legal merit of the pleading. *See Zarsky v. Zurich Management, Inc.*, 829 S.W.2d 398, 400 (Tex.App.—Houston [14th Dist.] 1992, no writ). Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the alleged groundless petition. *Home Owners*, 815 S.W.2d at 888–89. Without hearing evidence on the circumstances surrounding the filing of the pleading and the

signer's credibility and motives, the trial court had no evidence to determine that the appellants or their attorneys filed the pleading in bad faith or to harass.

■■■ The trial court abused its discretion in sustaining appellees' motions for sanctions without evidence of an essential element of rule 13. We hold the trial court's imposition of death penalty sanctions amounted to such a denial of appellants' rights that it reasonably caused, and probably did cause, rendition of an improper judgment. *See* TEX.R.APP.P. 81(b)(1); *Bruner,* 752 S.W.2d at 682. We sustain appellants' sixth point of error.

### DRI'S SUMMARY JUDGMENT

In point of error eight, appellants contend there is no summary judgment evidence to support the trial court's summary judgment for DRI.

#### A. Standard of Review

When reviewing summary judgment, we apply the following standards:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true.
3. We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■■■ The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method for summarily ending a case that involves only a question of law and no genuine material fact issue. *See Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine if there are any material fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *Gul-*

*benkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

■■■ A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The trial court may not grant summary judgment by default against the nonmovant for failing to respond to the motion when the movant's summary judgment proof is legally insufficient. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979).

■■■ To show its right to a summary judgment, the counter-plaintiff, as movant, must conclusively prove his entitlement to prevail on each element of the cause of action as a matter of law. *Swilley,* 488 S.W.2d at 67. A nonmovant need not answer or respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are insufficient as a matter of law to support summary judgment. However, the nonmovant may not raise any other issues as grounds for reversal. *City of Houston,* 589 S.W.2d at 678.

#### B. Applicable Law

■■■ Section 17.50(c) provides:

On a finding by the court that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

TEX.BUS. & COM.CODE ANN. § 17.50(c) (Vernon 1987). The defendant must meet a two-prong test: the suit was (1) groundless and (2) brought in bad faith or to harass. *Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 637 (Tex.1989). To show bad faith, the defendant must prove that the plaintiff's motivation for filing suit was malicious, discriminatory, or with a reckless disregard for the defendant's rights. *Knebel v. Port Enter., Inc.,* 760

S.W.2d 829, 831–32 (Tex.App.—Corpus Christi 1988, writ denied).

## C. Application of the Law to the Facts

DRI's motion for summary judgment asserts that the "court has already found the claims made the basis of this suit are groundless. Defendant DRI would show that the DTPA action was also brought in bad faith or for the purpose of harassment." DRI offered the trial court's order on DRI's motion for sanctions and an affidavit in support of attorney's fees as summary judgment evidence.

We have already determined that the trial court abused its discretion in sustaining DRI's motion for sanctions without any evidence of appellants' bad faith or purpose to harass. Consequently, this order cannot establish that appellants or their attorneys brought their cause of action in bad faith or to harass. DRI did not establish its right to judgment as a matter of law. The trial court erred in granting summary judgment for DRI. We sustain appellants' eighth point of error.

We reverse the trial court's judgment. We remand the cause to the trial court for further proceedings.