Petition for Writ of Mandamus Denied and Plurality and Dissenting
Opinions filed January 16, 2009








Petition
for Writ of Mandamus Denied and Plurality and Dissenting Opinions filed January
16, 2009.                                                                                                                        

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00548-CV

____________

 

IN RE MICHAEL G. BROWN, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

D I S S E N T I N G   O P I N I O N

Because the plurality determines that the trial court=s failure to
comply with the rules of civil procedure governing a trial court=s order for a
psychiatric evaluation does not constitute an abuse of discretion, I
respectfully dissent.  

I agree that, notwithstanding Michael=s non-suit of his
claims for affirmative relief, his mental condition may remain at issue because
the trial court ultimately must craft a possession-and-access order that is in
the children=s best interests.  But although a party=s mental condition
often is at issue when a trial court must decide conservatorship matters, a
psychiatric evaluation is not always necessary or justified.   








Texas Rule of Civil Procedure 204.1 prescribes certain
requirements and procedural safeguards which must be met for a trial court to
compel a litigant to submit to the extremely invasive measure of an involuntary
psychiatric evaluation.  Here, the mandamus record before us is not only devoid
of evidence that the trial court complied with Rule 204.1=s requirements,
but establishes instead that the trial court disregarded them.  Inasmuch as the
trial court has no discretion to incorrectly determine or apply the law, I
would conclude that the order as written presents a clear abuse of discretion
for which there is no adequate remedy on appeal.[1] 
I therefore would grant mandamus relief.








Under our rules of civil procedure, a psychiatric
evaluation may not be compelled absent good cause.  Tex. R. Civ. P. 204.1(c).  AGood cause@ is established if
(a) the examination will produce or lead to relevant evidence, (b) there is a
reasonable nexus between the conditions in controversy and the examination
sought, and (c) it is not possible to obtain the information desired through
less invasive means.  Coates v. Whittington, 758 S.W.2d 749, 752 (Tex.
1988).  Here, the trial court failed to adequately consider these factors
before compelling Michael to undergo a psychiatric evaluation.  To the
contrary, the trial court expressly stated that, without hearing any evidence,[2]
it would appoint an amicus attorney, require Michael to undergo instanter drug
testing, and order him to submit to a psychiatric evaluation.[3] 
Michael then non-suited all of his requests for affirmative relief and
stipulated to Darlina=s request for restricted access, and
although the trial court was still required to determine whether such
restrictions were in the children=s best interest,[4]
the court=s need for information must be met through the least
intrusive means.  








Due consideration of less intrusive means also may affect
the scope of the evaluation. APsychiatric evaluations vary according to
their purpose.@  Michael J. Vergare et al., Practice Guideline for the Psychiatric
Evaluation of Adults, in Practice
Guidelines for the Treatment of Psychiatric Disorders, at 1, 6 (Am.
Psychiatric Ass=n, Compendium 2006).  Here, however, no purpose, scope, or
conditions were specified in the order at issue.  Cf. Tex. R. Civ. P. 204.1(d) (requiring an
order for a mental examination to Aspecify the time,
place, manner, conditions, and scope of the examination and the person or
persons by whom it is to be made@); Coates,
758 S.W.2d at 752.  Because it contains no limitations on the scope, the examiner
may probe any aspect of Michael=s thoughts, behavior, abilities, beliefs,
health, or history that could fall under the rubric of a psychiatric
evaluation.  See generally Dana Baerger et al, Methodology for Reviewing
the Reliability and Relevance of Child Custody Evaluations, 18 J. Am. Acad. Matrim. Law. 35, 50B52 (2002)
(recognizing the pitfalls inherent in a general order for a psychiatric
evaluation, such as the likelihood that Aevaluators will
address irrelevant issues that confuse the litigation and increase the cost of the
evaluation@).[5] 
The result is that the examiner is permitted to conduct a maximally-intrusive
evaluation despite the absence of any record evidence that less-intrusive means
are unavailable.








I agree that psychiatric or psychological evaluations have
a place in conservatorship determinations.  Indeed, a psychiatric evaluation
might be a very useful tool in this case.  But, it is only one of the tools
available to a trial court in crafting a conservatorship order and should not
be ordered without consideration of the factors and evidence justifying its
use.  Given the inherently invasive nature of a psychiatric evaluation, it is
not within the trial court=s discretion to disregard the safeguards
set forth in the Rules of Civil Procedure and in binding precedent governing
its application.  The requirements of Rule 204.1(c) are not satisfied by
conclusory allegations in pleadings and a nineteen-month old affidavit, neither
of which addressed the possibility of obtaining the relevant information
through less invasive means, and the order fails to specify the conditions and
scope of the evaluation as required by Rule 204.1(d).  Under these
circumstances, I would hold that the trial court abused its discretion in
issuing this order, and given the impossibility of an adequate remedy by
appeal, mandamus relief is appropriate.  I therefore respectfully dissent.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Panel consists of
Justices Frost, Seymore, and Guzman (Seymore, J., concurring without opinion)
(Frost., J., plurality).

 

 

.









[1]  See In re Dep=t of Family & Protective Servs., 52 Tex. Sup. Ct. J. 277, 2009 WL 51579, at *3 (Tex.
Jan. 9, 2009)(AIf the trial court fails to properly interpret the law
or applies the law incorrectly, it abuses its discretion.@); In re Cerberus Capital Mgmt., L.P., 164
S.W.3d 379, 382 (Tex. 2005) (per curiam).





[2]  The trial court explicitly stated at the first
hearing on Darlina=s requested modification, AOkay.  Well, without hearing any evidence, I=m going to appoint an Amicus to represent these
children.  And I=m going to order an instanter drug test of Dr. Brown.
. . .  I=m ordering Dr. Brown for a psychiatric eval with Dr.
Buschong.@  Further, the order requires the psychiatrist to
provide Aa detailed written report of his psychiatric
evaluation of [Michael] setting out his findings, including the results of all
tests made, diagnoses, and conclusions@
and to provide copies of the report to the court and the attorneys.





[3]  The plurality incorrectly characterizes both the
record and the basis for my dissent.  Regarding the former, the record speaks
for itself: the trial court stated that it was acting Awithout hearing any evidence@; it in fact did not hear any evidence; and the
documentary evidence, i.e., the affidavit of Michael=s current wife, does not address all of the factors
necessary to establish good cause.  In particular, no evidence was ever offered
to suggest that the evaluation ordered, without limitation as to its manner or
scope, was the least intrusive means of obtaining the desired information.  The
plurality=s statement that the trial court did not prevent any
party from presenting evidence and did not refuse to hear evidence misses the
mark.  In the absence of an affirmative showing of good causeCwhich requires evidence that it is not possible to
obtain the information through less intrusive meansCMichael bore no evidentiary burden at all.  Because
there is no evidence that less intrusive means would not suffice, the record
does not affirmatively show good cause.  See Coates, 758 S.W.2d at 751; see
also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656,
660B61 (Tex. 1995) (stating that pleadings generally are
not evidence); McCain v. NME Hosps., Inc., 856 S.W.2d 751, 757 (Tex.
App.CDallas 1993, no writ) (AMotions and arguments of counsel are not evidence.@).  In the absence of such evidence, the trial court
had no discretion to compel Michael to submit to a psychiatric evaluation.  See
id.; Tex. R. Civ. P.
204.1(c).  Thus, the plurality=s observation
that the trial court did not refuse to hear evidence suggests only that Darlina
could have offered evidence justifying the trial court=s order despite the fact that the court already had
ruled.  Even assuming that such post-ruling evidence would have cured the trial
court=s error, none was offered here.





[4]  Although the plurality holds that Michael did not
stipulate to all of the relief Darlina sought, the plurality reads the record
too narrowly.  Michael=s counsel stated to the trial court that Ahe knows of no other way, than to essentially come in
here and fall on the proverbial sword and agree with [Darlina] in her pleading,
Page 8 of 9, of her petition. . . .@  
The plurality also ignores counsel=s
next statement that begins, AAnd, finally,
with those matters out of issue, . . .@  (emphasis added). 





[5]  In a detailed discussion, the plurality holds that
Michael is not entitled to mandamus relief because he failed to satisfy the
requirement of a Apredicate request and refusal by the trial court@ regarding his complaint that the trial court=s order fails to specify the conditions and scope of
the evaluation.  Ante at 13B14. 
First, the record reflects that the trial court was aware that Michael was
complaining about the scope of the psychiatric evaluation.  For example,
Michael=s attorney argued to the trial court both that there
was no Areasonable nexus@
between Michael=s condition and the examination sought and that it was
Apossible to obtain the desired information through
less invasive means than a compelled psychiatric examination.@  Although these arguments relate to a good-cause
determination under subsection (c) of Rule 204.1, they also reflect a complaint
about the scope of the evaluation itself.  A party should not lose his right to
relief due to an unduly technical application of procedural rules.  Willis
v. Donnelly, 199 S.W.3d 262, 270 (Tex. 2006).  Further, as noted by the
plurality, the requirement of a predicate request and adverse ruling is excused
when such a request would have been futile. Here, the trial court made it
abundantly clear that it expected Michael to comply with its verbal order,
notwithstanding the fact that the order did not comply with the required
procedural safeguards:

[Darlina=s
Counsel]:        [T]here is an order we=re
requesting.  We just need a start date. . . .  But I was looking
to be able to give the Court an idea when he might be able to begin the
evaluation of Dr. Brown.

The Court:                     And what=s y=all=s problem with that?

[Michael=s
Counsel]:       Dr. Brown is not seeking visitation right now.  That=s not in issue.  And Dr. Brown is objecting to being
ordered to go to a psychologist - -

The Court:                     Thank you.  Denied.

. . .

The Court:                     I ordered this
[psychiatric evaluation] over a month ago and he was supposed to have it done
immediately and he has not.  I would suggest you might want to tell [Michael]
he shouldn=t mess around with this Court.  When I give an
order and I want something done, he needs to do it right away.

(emphasis added).  The order Aover a month ago@ referred
to by the trial court is nothing more than the verbal statement that Awithout hearing any evidence, . . . I=m ordering Dr. Brown for a psychiatric eval with Dr.
Buschong.@  See supra, n.2.  Thus, any further request by
Michael to limit the scope of the evaluation was likely futile.