**REVERSE and REMAND in Part, AFFIRM in Part; Opinion Filed February 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01100-CV

### BARRY H. WELLS, Appellant
### V.
### MARC R. MAY, Appellee

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-02600-2012**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

After an incident at a deposition, Barry H. Wells sued Marc R. May, the attorney representing Wells's wife in their divorce, alleging causes of action for assault and terroristic threat and also seeking a temporary restraining order and a temporary injunction against May. Wells appeals the trial court's order dissolving the temporary restraining order and also striking his petition and dismissing his case with prejudice as sanctions. Because we conclude the trial court abused its discretion in striking Wells's petition and dismissing his lawsuit, we reverse that portion of the trial court's order and remand Wells's causes of action for assault and terroristic threat to the trial court for further proceedings. In all other respects, we affirm the trial court's order.

Wells's lawsuit against May was dismissed with prejudice three days after Wells filed his original petition. In Wells's petition and his supporting affidavit, filed on July 16, 2012, he alleged that during a deposition in the divorce case, five days' earlier, May began to berate the deponent, Greg Nicholas, who worked for Wells. According to the petition and affidavit, when Wells asked May to calm down, May became angry, and Wells made a comment about how the suicide of May's daughter was probably related to May's anger issues. May became enraged and demanded Wells leave the deposition. As Wells gathered his things, May moved closer and screamed, "I'm gonna kill you!" Wells alleged May leaned across the table, jabbed his finger toward Wells's face and made repeated death threats. May said he was going to shoot Wells with his gun. Wells further alleged that when he left the deposition, May pursued him through the office and to the elevator. Wells left and drove to the police station to file a report. Wells alleged that he lived only a few blocks from May and was now seriously in fear for his life. Wells asserted he suffered anxiety, loss of appetite, fear, and sleeplessness. His petition alleged causes of action for assault by threat of bodily injury and terroristic threat. Wells also asked for an ex parte temporary restraining order and a temporary injunction prohibiting May from communicating with him and coming within 300 feet of him, among other things. That same day, July 16th, the trial court issued a temporary restraining order, in effect for fourteen days after the date of entry, and set a hearing for the pending temporary injunction on July 30, 2012.

The next day, July 17, 2012, May filed a motion to dissolve the temporary restraining order and for sanctions. May asserted that the material allegations in Wells's petition and affidavit were "grossly inaccurate and misleading." May alleged that there was a hearing scheduled in the divorce action two days' later, and unless the temporary restraining order was dissolved, May would be in violation if he attended the hearing. May also argued that Wells's lawsuit was groundless and brought in bad faith and for purpose of harassment. He asked the

court to impose "proper sanctions." May attached to his motion a transcript from the deposition of Nicholas. In his original answer filed on July 19, 2012, May entered a general denial and also reasserted his claim for sanctions.

On July 19, 2012, the trial court held a hearing on May's motion to dissolve the temporary restraining order and for sanctions.[1] The court heard testimony from May and Wells and other witnesses. Further, a written transcript and an audio recording of the deposition of Nicholas were admitted into evidence. This evidence shows that Wells, rather than May, instigated the altercation, a fact omitted from Wells's account of the incident in his pleading and affidavit. Specifically, when May was deposing Nicholas, Wells injected himself into the deposition by questioning May's choice of words, despite his own lawyer's request to stop. When May said that he was the one asking the questions, Wells told May, "Keep it down. Don't be so angry. You are an angry man. Don't be so angry…You have anger issues." When May called Wells "a complete joke," Wells made the comment about the suicide of May's daughter. After telling Wells more than once to leave, May told him, "You get … out of here before I kill you," and "If you come in here again and [sic] I will kill you." May does not mention a gun during the part of the altercation recorded by the court reporter. May testified at the hearing that his daughter had not committed suicide, but rather died under other circumstances. At the conclusion of the hearing, the trial court dissolved the temporary restraining order. The court also sanctioned Wells under rules 13 and 215.2(b) of the rules of civil procedure by striking his petition and dismissing the case with prejudice.

At Wells's request, the court made findings of fact and conclusions of law. Among other things, the court found that Wells's affidavit in support of his application for ex parte temporary

---

[1] This suit was filed in the 417th District Court in Collin County. Due to illness, the presiding judge of the 417th District Court was unable to be at the hearing. With the agreement of the parties, the Honorable Scott Becker, the judge in Wells's divorce proceeding pending in the 219th District Court, presided over this hearing and signed the order that is the subject of this appeal.

restraining order contained material misrepresentations regarding the underlying factual basis alleged for the restraining order. Further, the court found that Wells's lawsuit was groundless, had no basis in fact or law, and was brought for the purpose of harassment. This appeal followed.

In his first issue, Wells contends the trial court abused its discretion in dissolving the temporary restraining order. By its terms, the temporary restraining order would have expired fourteen days after it was entered in July of 2012. *See* TEX. R. CIV. P. 680. Consequently, all issues relating to the temporary restraining order are moot. *See Strange v. HRsmart, Inc.*, 400 S.W.3d 125, 132 (Tex. App.—Dallas 2013, no pet.); *In re Sierra Club*, No. 08-12-00236-CV, 2012 WL 5942912, * at 2-3 (Tex. App.—El Paso Nov. 28, 2012, no pet.); *United Interests, Inc. v. Sabel's T.V. Serv., Inc.*, 698 S.W.2d 170, 172 (Tex. App.—Houston [14th Dist.] 1985, no writ). We resolve Wells's first issue against him.

In his second issue, Wells contends for various reasons that the trial court abused its discretion in granting May's motion for sanctions and dismissing Wells's case with prejudice. May counters that Wells waived his complaints about the trial court's sanctions by failing to object as required by rule of appellate procedure 33.1. Wells contends, among other things, that there was no evidence to support the imposition of sanctions. This complaint may be raised for the first time on appeal. *See McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ); *cf. In re H.M.S.,* 349 S.W.3d 250, 256 (Tex. App.—Dallas 2011, pet. denied) (to complain on appeal about inadequate notice of sanctions, party must object on that basis in trial court); *Parker v. Walton*, 233 S.W.3d 535, 541 n.7 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (must present complaint that sanctions order lacks particularized findings of good cause in trial court).

After notice and a hearing, rule 13 authorizes sanctions against a party who files a pleading that is both groundless and brought in either bad faith or harassment.  TEX. R. CIV. P. 13; *McCain*, 856 S.W.2d at 757.  "Groundless" for purposes of rule 13 means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.  TEX. R. CIV. P. 13.  The available sanctions are set out in rule 215 and include the striking of pleadings and dismissal of an action.  TEX. R. CIV. P. 215.2(b).  The purpose of rule 13 is to check abuses in the pleading process.  *McCain*, 856 S.W.2d at 757.  A party seeking sanctions has the burden of establishing his right to relief. *Arnold v. Life Partners, Inc.*, No. 05-12-00092-CV, 2013 WL 4553379, at *3 (Tex. App.—Dallas Aug. 28, 2013, no pet.).

We review a trial court's imposition of sanctions under rule 13 for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004); *Arnold*, 2013 WL 4553379, at *3.  The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles.  *Cire*, 134 S.W.2d at 838-39.  The trial court's ruling should be reversed only if it was arbitrary or unreasonable.  *Id.*  Further, we are not bound by the trial court's findings of fact and conclusions of law; we must independently review the record to determine whether the trial court abused its discretion.  *American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006).

Wells alleged two causes of action in his original petition, assault by threat and terroristic threat.  The elements of a civil assault mirror those of a criminal assault.  *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012).  In the context of Wells's allegations, a person commits assault if he intentionally or knowingly threatens another with imminent bodily injury.  *See* TEX. PENAL CODE ANN. § 22.01(a)(2) (West Supp. 2013).  As alleged here, person commits a terroristic threat if he threatens to commit any offense involving violence to any person with intent to (1)

place any person in fear of imminent serious bodily injury or (2) prevent or interrupt the occupation or use of a building or room. *See* TEX. PENAL CODE ANN. § 22.07(a)(2) & (3) (West 2011).

Although Wells's pleading did not present an accurate picture of how the altercation between him and May began and although his comment about May's daughter was outrageous, we cannot say that his claims do not have a basis in law or fact so as to be groundless. Wells's petition alleged that May assaulted him by intentionally or knowingly threatening him with imminent bodily injury. Wells also alleged that May committed a terroristic threat by threatening to commit an offense involving violence to any person with intent to place any person in fear of imminent serious bodily injury. As asserted in Wells's pleading and as evidenced by the transcript of the deposition, May threatened to kill Wells if he did not leave the deposition. While Wells's lawsuit may have been brought in poor taste or poor judgment, it was not groundless. We conclude there is no evidence to support the trial court's finding that Wells's pleading was groundless. Consequently, the trial court abused its discretion in striking Wells's petition and dismissing his lawsuit. Accordingly, we resolve Wells's second issue in his favor.

We reverse that portion of the trial court's order striking Wells's original petition and dismissing the case with prejudice and remand Wells's claims for assault and terroristic threat to the trial court for further proceedings consistent with this opinion. In all other respects, we affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

121100F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BARRY H. WELLS, Appellant

No. 05-12-01100-CV          V.

MARC R. MAY, Appellee

On Appeal from the 417th Judicial District Court, Collin County, Texas
Trial Court Cause No. 417-02600-2012.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.


        In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED** in part and **REVERSED** in part.  We **REVERSE** that portion of the trial court's order striking appellant Barry H. Wells's original petition in its entirety and dismissing the case with prejudice. In all other respects, the trial court's order is **AFFIRMED**.  We **REMAND** Wells's causes of action for assault and terroristic threat to the trial court for further proceedings consistent with this opinion.
        It is **ORDERED** that each party bear his own costs of this appeal.  The clerk of the District Court is directed to release the full amount of the cash deposit to Barry H. Wells.


Judgment entered this 12th day of February, 2014.



/Ada Brown/
ADA BROWN
JUSTICE

–7–