**Dismissed in part, Affirmed in part, and Memorandum Opinion filed September 30, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00607-CV

---

### LAM NGUYEN, VAN HONG DO, ERIC B. DICK, AND DICK LAW FIRM, PLLC, Appellants

### V.

### AVENTUS INSURANCE COMPANY, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1100805**

---

### MEMORANDUM OPINION

Appellants Lam Nguyen and Van Hong Do had a dispute with their insurer, appellee Aventus Insurance Company, over a claim for property damage caused by Hurricane Harvey. Contemporaneously with invoking an appraisal procedure under the policy, Nguyen and Do's attorney—appellant Eric B. Dick—also filed a lawsuit against Aventus in the Harris County Civil Court at Law, purportedly for

the purpose of "managing" the appraisal. The suit ultimately was dismissed, and Dick was sanctioned. This appeal ensued.

## I. Appellate jurisdiction

As a preliminary matter, we note that the notice of appeal was joined by Dick Law Firm, PLLC. Because the Dick Law Firm was not named as a party to the final judgment being appealed, including the sanctions order incorporated therein, it was given notice that its appeal would be dismissed unless it demonstrated its standing to pursue an appeal. *See* Tex. R. App. P. 42.3(a). It having failed to do so, we now dismiss the attempted appeal by Dick Law Firm, PLLC for want of jurisdiction. *See id*.; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) ("The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'").

## II. Sanctions order

Appellants argue that the trial court abused its discretion when it ordered sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure and Civil Practices and Remedies Code section 10.001. They contend that no evidence was presented to support any award of sanctions, relying on the arguments that an evidentiary hearing is a prerequisite to awarding sanctions under Rule 13, and chapter 10 sanctions were unjustified because Nguyen and Do's causes of action were "viable." Sanctions orders are reviewed for abuse of discretion. *See Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (chapter 10); *Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 895 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (Rule 13).

With respect to the requirement for an evidentiary hearing, Rule 13 provides, in relevant part, that "[i]f a pleading, motion or other paper is signed in violation of

this rule, the court . . . after notice and hearing, shall impose an appropriate sanction. . . ." Appellants rely on *McCain v. NME Hospitals, Inc.*, in which the Dallas court of appeals stated: "Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the alleged groundless petition." 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ) (citing *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 888–89 (Tex. App.—Corpus Christi 1991, no writ)). But in a directly analogous context, the Supreme Court of Texas later held that Rule 215.3's authorization of sanctions "after notice and hearing" does not indicate a requirement of an oral hearing. *See Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004). Appellants do not distinguish *Cire*, identify any request to the trial court for an oral hearing or objection in the trial court to sanctions awarded in the absence of an oral hearing, or present any other specific argument that the trial court's evaluation of the record and award of sanctions did not constitute a "hearing." *See id.* at 843-44; Tex. R. App. P. 33.1(a), 38.1(*i*).

With respect to the argument that chapter 10 sanctions were improper because Nguyen and Do's causes of action were "viable," appellants contend that a declaratory-judgment action may be used to resolve a dispute about an insurer's duty to defend. But the petition did not allege any duty to defend, nor did it implicate one. Moreover, appellants' argument makes no effort to address other grounds for sanctions recited in the April 2, 2018 sanctions order, such as findings that the lawsuit had no basis in fact, that it was brought in bad faith for the improper purpose of intimidating and harassing Aventus, and that appellants hindered the litigation process and failed to make reasonable inquiries to ensure that the claims and pleadings were not groundless. Without addressing all the

grounds invoked by the trial court in support of its sanctions order, appellants cannot demonstrate reversible error. *See* Tex. R. App. P. 44.1(a).

We conclude that appellants have failed to demonstrate any abuse of discretion in the trial court's award of sanctions. *See* Tex. R. App. P. 33.1(a), 38.1(*i*), 44.1(a). We overrule appellants' challenge to the award of sanctions.

## III. New-trial order

Appellants contend that the trial court abused its discretion by granting their motion for new trial, then subsequently dismissing the case and awarding sanctions without actually conducting a new trial.

On April 2, 2018, the trial court granted a plea to the jurisdiction in favor of Aventus, at the same time awarding sanctions against Nguyen, Do, and Dick. The trial court subsequently entered a final judgment shortly before the then-presiding judge's term of office concluded at the end of 2018. Nguyen and Do timely filed a motion for new trial, which had the effect of extending the trial court's plenary power to vacate, modify, correct, or reform the judgment. *See* Tex. R. Civ. P. 329b(a), (e). The new presiding judge granted the motion for new trial, reinstated the case on the docket, and vacated both the final judgment entered by the previous judge, as well as the April 2, 2018 order.

On February 21, 2019, the day after granting the new trial, the court entered a new final judgment, revising the amounts of sanctions awarded and dismissing all claims without prejudice. Thus the immediate result of granting the motion for new trial was the trial court's reconsideration and revision of the vacated orders.

Aventus then timely filed a motion to modify judgment, raising two issues. First, it argued the revised version of the final judgment reflected no justification for dismissing any claims with prejudice, considering that the April 2, 2018 order

4

granting Aventus's plea to the jurisdiction had been vacated. Second, Aventus argued that another effect of vacating the April 2, 2018 order was to eliminate the justifications that the previous judge had provided to support the award of sanctions. Nguyen and Do filed their own motion for new trial, seeking to reinstate their petition.

Ultimately, the trial court timely vacated the February 21, 2019 judgment and substituted yet another final judgment dated April 17, 2019. This judgment expressly reinstated the April 2, 2018 order and incorporated it by reference.

Appellants' challenge to the failure to actually conduct a new trial identifies no procedural defect in this chain of events. Their brief suggests it was "nonsensical" for the final judgment to incorporate the text of the April 2, 2018 order because that order was "already vacated." But the order that vacated the April 2, 2018 order was itself interlocutory. The trial court expressly reinstated that order in the same final judgment that incorporated the order by reference.

In general, a trial court retains plenary power over its interlocutory orders until a final judgment is entered. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). "A trial court's plenary jurisdiction gives it not only the authority but the responsibility to review any pre-trial order upon proper motion." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 231 (Tex. 2008); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). As such, a trial court has the inherent authority to change, modify, or set aside an interlocutory order at any time before the expiration of its plenary power. *See Fruehauf*, 848 S.W.2d at 84; *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005).

Appellants offer no legal argument or authority that the trial court could not incorporate the entire substance of the April 2, 2018 order into the final judgment. Accordingly, their challenges related to the new-trial order are overruled.

## IV. Waiver of remaining issues

As the threshold issue in its brief, Aventus argued that the appellants waived most if not all their arguments on appeal by failing to support their brief with record citations and by failing to provide legal authorities or analysis in support of their appellate issues. *See* Tex. R. App. P. 38.1(*i*) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (finding waiver of appellate arguments in the absence of "argument or citations to the record or to authority"). Apart from a conclusory denial of waiver, appellants presented no legal argument disputing Aventus's five pages of legal argument alleging briefing waiver.

Aventus is correct that the appellants' brief lacks required record citations. Recognizing this court's obligation to construe the rules of appellate procedure "reasonably, yet liberally," we have addressed the appellants' arguments to the extent possible, but their remaining arguments are not supported by appropriate citations to authorities and to the record. *See Republic Underwriters, Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)); Tex. R. App. P. 38.1(*i*) (requiring clear and concise argument for contentions made with appropriate citation to record).

The appellants' brief suggests an issue relating to the denial of a motion to appoint an umpire and related public policy issues. But the record reveals that the suit was dismissed without prejudice based upon a plea to the jurisdiction and

special exceptions. Appellants do not address these grounds for dismissal of the lawsuit, and they do not identify where in the record the trial court otherwise addressed the subject of appointing an umpire. These briefing defects are fatal to this purported appellate issue. *See* Tex. R. App. P. 33.1(a), 38.1(*i*), 44.1(a).

Appellants also suggest a deficiency in the evidence presented to support the trial court's award of attorneys' fees as a sanction, under the standard of *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019). Appellants' argument on this point is a single paragraph, it contains no record citations to the evidence concerning fees presented in the trial court, and it contains no argument tailored to establish the alleged deficiency under *Rohrmoos* of any evidence that was presented. In its response, Aventus identified the evidence it presented to the trial court to support its attorney's fees, and it provided a legal analysis of why the evidence satisfied *Rohrmoos*. Appellees' reply brief contained no substantive response. We hold that appellees' objection to the legal sufficiency of the evidence to support an award of attorneys' fees as a sanction is waived because of briefing deficiency. *See* Tex. R. App. P. 38.1(*i*), 44.1(a).

To the extent appellants intended to raise any other issues that have not been addressed above, we hold they too were waived by inadequate briefing. *See* Tex. R. App. P. 33.1(a), 38.1(*i*), 44.1(a). No authority obligates us to become advocates for appellants by performing their research and developing their argument for them. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Jordan v. Jefferson Cty.*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied)).

\* \* \*

We affirm the judgment.

/s/  Michael Massengale
    Justice

Panel consists of Justices Wise, Bourliot, and Massengale.[*]

---

[*]Justice Michael Massengale sitting by assignment.