**Affirm and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01049-CV**

**LESKEL NICHOLS, Appellant**
**V.**
**PROGRESSIVE INSURANCE COMPANY, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-00690**

# MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

Leskel Nichols appeals the trial court's December 19, 2020 Order Granting
Defendant's Motion to Reconsider. In four appellate issues, Nichols challenges the
timeliness of the motion for reconsideration filed by appellee Progressive Insurance
Company (Progressive) and the lack of a reporter's record of the hearing on that
motion to reconsider. We conclude that these issues were not preserved for our
review, and we affirm the trial court's judgment.

## Background

Between February 2014 and July 2019, Nichols issued Progressive insurance policies, and received commissions from Progressive, under the terms of a Producer's Agreement. Progressive terminated that agreement after Nichols purportedly directed a number of abusive and racial insults at a Progressive commercial customer service representative. In January 2020, Nichols sued Progressive, seeking damages for the termination under claims of breach of contract, retaliation, and defamation. Nichols represented himself in the trial court.

Progressive filed its Traditional and No-Evidence Motion for Summary Judgment challenging each of Nichols's three claims. Nichols responded to the summary judgment motion and Progressive replied. On September 13, 2020, the trial court signed an order granting the motion as to Nichols's claims for retaliation and defamation, but denying the motion as to Nichols's claim for breach of contract.

The following day, Nichols filed a motion asking the trial court to reconsider its ruling on the retaliation and defamation claims. Nichols never set the motion for hearing. On October 26, 2020, Progressive filed its own motion to reconsider the court's ruling on the breach of contract claim. Nichols filed a motion to strike Progressive's motion to reconsider, arguing Progressive's motion was untimely, but again he did not set his motion for hearing or otherwise seek a ruling from the trial court.

Progressive did have its motion to reconsider set for hearing on November 30, 2020, although no record was made of the hearing. On December 19, the trial court signed the Order Granting Defendant's Motion to Reconsider, dismissing Nichols's breach of contract claim with prejudice.

This appeal followed. Nichols appears pro se in this Court as well.

### Timeliness of Progressive's Motion for Reconsideration

In his first three issues, Nichols argues that Progressive's motion to reconsider was untimely and, therefore, should not have been granted.[1] Before a complaint may be reviewed on appeal, the record must show that the issue was properly presented to the trial court and that the trial court either ruled—or refused to rule—on the issue. TEX. R. APP. P. 33.1. "Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error." *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no writ). Thus, it was Nichols's burden to obtain a ruling on his motion to strike and to ensure the record reflected that ruling. *See Hagan v. Pennington*, No. 05-18-00010-CV, 2019 WL 2521719, at *4 (Tex. App.—Dallas June 19, 2019, no pet.) (mem. op.). "Preservation of error reflects important prudential considerations recognizing that the judicial process benefits greatly when trial courts have the opportunity to

---

[1] Nichols recasts this fundamental complaint in each of his first three issues, stating: (1) Progressive failed to respond and file a timely response to the September 13, 2020 order; (2) Progressive filed an untimely motion to reconsider on October 26, 2020; and (3) Progressive did not move for an enlargement of time and did not seek leave to file its motion to reconsider out of the designated time frame.

first consider and rule on error." *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014). We may not stray from our preservation rules because Nichols represented himself in the trial court. *See id.*

We conclude Nichols has preserved nothing for our review on this issue. We overrule his first three issues.[2]

### Absence of Reporter's Record

In his fourth issue, Nichols complains that the appellate record does not include a transcript of the trial court's November 30, 2020 hearing on Progressive's motion to reconsider. The court reporter informed this Court by letter that no record of that hearing had been made. At our request, the trial court held a hearing concerning the existence of a reporter's record and learned that while no reporter's record had been requested or made on November 30, the reporter's computer did make an audio recording of the hearing. The trial court made the following written findings on the matter:

> 1. No record was made or requested on . . . November 30, 2020.
>
> 2. The court asked the Defense attorney [if] she would object to the audio files being transcribed. She did not object. The court then inquired if either party wanted the court reporter to transcribe the audio files. Neither party requested that the audio files be transcribed.

---

[2] We note as well that Nichols's appellate brief—despite his having the opportunity to amend it—fails to comply with rule 38.1's requirements of a statement of facts supported by record references and a clear and concise argument supported by applicable legal authorities. *See* TEX. R. APP. P. 38.1(g), (i).

Thus, our record now reflects that (1) Nichols did not originally request a reporter's record of the hearing, and (2) when given the option of preparation of a reporter's record after the fact, he declined.

We discussed above that a party must give the trial court the opportunity to rule on a complaint before that complaint can be reviewed on appeal. *See* TEX. R. APP. 33.1. When the trial court offers to cure an appellant's complaint, and the appellant declines that assistance, we conclude the appellant has waived appellate review of the complaint. We overrule appellant's fourth issue.[3]

## Conclusion

We affirm the trial court's December 19, 2020 Order Granting Defendant's Motion to Reconsider.

201049f.p05

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

---

[3] On this issue as well, appellant's brief is inadequate. Indeed, after identifying the issue, appellant does not mention the reporter's record—or its absence—again. *See* TEX. R. APP. P. 38.1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LESKEL NICHOLS, Appellant

No. 05-20-01049-CV          V.

PROGRESSIVE INSURANCE
COMPANY, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-00690.
Opinion delivered by Justice
Pedersen, III. Justices Schenck and
Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Progressive Insurance Company recover its costs of this appeal from appellant Leskel Nichols.

Judgment entered this 23rd day of August, 2022.